# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 24, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| JACQUELINE ROBINSON, | * | |
| | * | |
| Petitioner, | * | No. 18-924V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Renée J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner.
*Mary E. Holmes*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 27, 2018, Jacqueline Robinson ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered from diffuse polyarthritis as a result of receiving a Prevnar 13 vaccine on November 21, 2016. *See* Petition, ECF No. 1. On June 2, 2020, Petitioner filed a motion to dismiss her petition, and on June 3, 2020 the undersigned issued her decision dismissing the petition for insufficient proof. ECF No. 32.

On July 20, 2020, Petitioner filed an application for final attorneys' fees and costs. ECF No. 36 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $23,493.90. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner states that she has

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

personally incurred costs of $416.04 related to this litigation. *Id.* at 59-60. Respondent responded to the motion on July 30, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 37. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the matter was eventually dismissed, the undersigned finds that the petition was filed in good faith and there was a reasonable basis for the matter to proceed for as long as it did. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.    Reasonable Hourly Rates

Petitioner requests the following rates of compensation for her attorneys: for Ms. Renée Gentry, $424.00 per hour for work performed in 2017, $445.00 per hour for work performed in 2019, and $464.00 per hour for work performed in 2020; and for Mr. Clifford Shoemaker, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019. These rates are consistent with what these attorneys have previously been awarded, and the undersigned finds them to be reasonable herein. However, the undersigned notes that although Ms. Sabrina Knickelbein billed her time at $150.00 per hour, one of her entries billed 0.2 hours of work at an hourly rate of $440.00, which appears to be a mistake. Fees App. at 12 (entry made on 9/27/20). The undersigned shall reduce the award of fees by $53.00 to correct for this error.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be largely reasonable, but a reduction must be made due to an excessive amount of interoffice communication. This issue has been frequently noted in cases handled by Mr. Shoemaker. *See Maciel v. Sec'y of Health & Human Servs.*, No. 15-362V, 2019 WL 6249369, at *3 (Fed. Cl. Spec. Mstr. Oct. 17, 2019); *Oliver v. Sec'y of Health & Human Servs.,* No. 10-394V, 2019 WL 2246727, at *3 (Fed. Cl. Spec. Mstr. Apr. 16, 2019). Accordingly, the undersigned finds that a five percent reduction of attorneys' fees is necessary to offset this issue. This results in a reduction of $993.42 from the work attributable to counsel's prior firm.[3] The hours billed by the GWU Vaccine Clinic are reasonable and require no reduction.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,432.20 in attorneys' costs. Fees App. at 15-16. This amount is comprised of acquiring medical records and photocopies. Petitioner has provided adequate documentation supporting these costs and they are reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of costs sought.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner states that she has personally incurred costs of $416.04, comprised of the Court's filing fee and postage. Petitioner has provided adequate documentation supporting these costs and they are reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of costs sought.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $22,061.70 |
|---|---|
| (Reduction to Fees) | - ($1,046.42) |

---

[3] ($19,921.50 in fees requested for the prior firm's work - $53.00 in rate adjustment) * 0.05 = $993.42.

| | |
|---|---|
| **Total Attorneys' Fees Awarded** | **$21,015.28** |
| | |
| Attorneys' Costs Requested | $1,432.20 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,432.20** |
| | |
| **Total Attorneys' Fees and Costs** | **$22,447.48** |
| | |
| **Petitioner's Costs** | **$416.04** |
| | |
| **Total Amount Awarded** | **$22,863.52** |

**Accordingly, the undersigned awards the following:**

1) a lump sum in the amount of $20,307.28, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and The Law Firm of Renée J. Gentry, Esq.;

2) a lump sum in the amount of $2,140.20, representing reimbursement for reasonable attorneys' fees, in the form of a check payable jointly to Petitioner and the George Washington University Law School Vaccine Injury Clinic; and

3) a lump sum in the amount of $416.04, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).